# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRANCE R. HUBBS, et al.,<br><br>　　　　Defendants. | Case No. ED CV 14-2560-VAP (SP)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which plaintiff has objected. *See* Plaintiff's Opposition Brief to Report and Recommendation (docket no. 69) ("Objections").

　　　　Plaintiff objects to the recommendation that the Court dismiss plaintiff's claims that defendant Hubbs effected an unlawful search in violation of the Fourth Amendment when he ran plaintiff's license plate number to access his DMV records. Plaintiff first argues the Court improperly cited the holding in *United States v. Diaz-Castaneda* that a license plate check by a law enforcement officer does not constitute a search under the Fourth Amendment. *See Diaz-Castaneda*,

494 F.3d 1146, 1150-52 (9th Cir. 2007). Plaintiff notes that the Ninth Circuit left open the possibility of a constitutional violation if an officer went "outside the proper bounds of a license plate search," or if the officer improperly obtained "a person's driver's license or state ID card" and ran a check on the information in one of those documents. *See id.* at 1152, 1153 n.1. But that was not the situation here. Plaintiff alleges only that defendant Hubbs ran plaintiff's license plate number, not that Hubbs conducted any further search, or that Hubbs obtained plaintiff's driver's license. Thus, *Diaz-Castaneda* is controlling and precludes the possibility that plaintiff can state a Fourth Amendment claim based on Hubbs running his license plate number.

      Plaintiff additionally argues in his Objections that this conduct by defendant Hubbs constitutes a violation of the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721-2725 ("DPPA"). But the First Amended Complaint does not allege a violation of the DPPA. Plaintiff asserts he put the Court on notice he would be "using the DPPA for federal jurisdiction" by way of a sealed brief he lodged with the Court and asked the Court to consider in camera in opposition to defendants' motions to dismiss. Objections at 4 n.1. But since the Court rejected that document and ordered it and all copies returned to plaintiff, it was not part of the record that the Court did or could consider in deciding the motions to dismiss. *See* docket no. 56. Because it was unclear from plaintiff's Objections whether he was asking the Court for leave to amend to assert a DPPA violation, the Court ordered plaintiff to clarify this point. Plaintiff responded by stating he does not seek leave to amend to add a DPPA claim because he believes a DPPA claim falls under the umbrella of the Fourth Amendment. *See* docket no. 71. The Court disagrees. A claim for violation of the DPPA, which establishes civil liability for knowingly obtaining or using personal information from a motor vehicle record for a purpose not permitted by the DPPA, is plainly distinct from a constitutional claim for unlawful search and

1 seizure. *See* 18 U.S.C. § 2724(a). Indeed, the Supreme Court has found Congress's authority to enact the DPPA emanates from the Commerce Clause, not the Fourth Amendment. *Reno v. Condon*, 528 U.S. 141, 148-49, 120 S. Ct. 666, 145 L. Ed. 2d 587 (2000). As such, there is no DPPA claim – either explicit or implicit – for the Court to consider in the First Amended Complaint. And as plaintiff does not seek leave to amend to add a DPPA claim, and as leave to amend would be otherwise futile for the reasons stated in the Report and Recommendation, there is no reason for the Court to grant plaintiff leave to amend.

With these additional findings, the Court accepts the findings and recommendation of the Magistrate Judge. IT IS THEREFORE ORDERED that defendants' motions to dismiss (docket nos. 22 and 42) are granted, and Judgment will be entered dismissing the First Amended Complaint and this action without leave to amend.

DATED: 12/14/15

HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE